UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ISIAH JIMENEZ,

Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

Defendant.

Case No. 1:25-cv-01990-JLT-CDB

ORDER DISCHARGING MARCH 19, 2026, ORDER TO SHOW CAUSE

(Docs. 3, 4)

**Background**

Plaintiff Michael Isiah Jimenez ("Plaintiff") initiated this action with the filing of a complaint in state court on May 15, 2025, before Defendant Federal Express Corporation ("Defendant") removed the case to this court on December 23, 2025. (Doc. 1).

On December 23, 2025, the Clerk of the Court issued case opening documents, including an order of the Court directing the parties to appear for scheduling conference on March 24, 2026, and to file a joint scheduling conference statement in compliance with the procedures set forth in the Court's order (*i.e.*, to be filed no later than March 17, 2026). (Doc. 2).  The CM/ECF notice of electronic filing reflects the case opening documents were served on all parties, including counsel for Plaintiff, Young Park, via email.

After the parties failed to timely file their joint scheduling conference statement, on March 19, 2026, the Court reset the scheduling conference to April 28, 2026, and ordered Plaintiff to show cause ("OSC") why sanctions should not be imposed for his failure to comply with the

1

Court's orders.  (Doc. 3).

**Discussion**

Pending before the Court is the declaration of counsel for Plaintiff, Tara Hattendorf, in response to the OSC, filed on March 19, 2026. (Doc. 4).  Counsel Hattendorf declares that Plaintiff did not become aware of the scheduling conference set for March 24, 2026, and the requirement to file the joint scheduling report by March 17, 2026, until March 18, 2026, when counsel's office belatedly discovered that the Court "had in fact emailed Document Number 2" (the case opening documents) to co-counsel for Plaintiff, Young Park, on December 23, 2025. *Id.* ¶¶ 3, 5.  Counsel Hattendorf declares that co-counsel Park was the "only one to be sent this e-mail" which he "mistakenly missed" because he was in a mediation that day and as a result, counsel's office "was not conscious of the [] Court's orders or the Scheduling Conference being set for March 24, 2026." *Id.* ¶ 5.  Counsel Hattendorf further declares that upon her review of the docket on February 27, 2026, the docket listed the party names and counsel, including hers and co-counsel Parks' names and email addresses, but "the only documents showing … were Defendant's initial filings.  There were no text or documents relating to Document 2.  Further, the docket did not list any future hearings." *Id.* ¶ 6.  Following email communications with counsel for Defendant, Thomas Walling, regarding whether any notices were received from the Court, and counsel Walling informing counsel Hattendorf via voicemail that the parties were required to file a joint scheduling report, counsel Hattendorf declares that the parties completed their Rule 26(f) conference on March 19, 2026. *Id.* ¶ 8, 9.  Counsel Hattendorf apologizes for Plaintiff's failure to comply with the Court's order and for the delay caused, which she characterizes as having been "caused by unintentional oversight, an error in the District Court electronic docket, and subsequent miscommunications between the Parties that were only discovered after the fact." *Id.* ¶ 10.

To determine whether a party's neglect in timely complying with a court's order is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

Here, counsel Hattendorf's representation that Plaintiff was "not conscious" of the upcoming scheduling conference and the requirement to timely file a joint scheduling report in advance thereof because co-counsel Park "mistakenly missed" the Court's December 23, 2025, email regarding the scheduling conference as he was "in a mediation that day" is astounding. First, notwithstanding counsel Hattendorf's apparent insinuation that the Court may share blame for Plaintiff's failings because co-counsel Park "was the only one to be sent" the notice of electronic filing of the case opening documents, it is plain that co-counsel Park – Plaintiff's listed lead counsel on the state court complaint – did receive the case opening documents and that, accordingly, Plaintiff was on notice of the scheduling conference requirements.  Second, notwithstanding counsel Hattendorf's apparent suggestion otherwise, the fact that an attorney was preoccupied with a mediation on the date the attorney received a court's notice of electronic filing and order requiring action cannot possibly excuse the attorney's noncompliance with the order.

Finally, as to counsel Hattendorf's attestation that she began to investigate whether she had missed any communications and searched the docket on February 27, 2026, only to find the docket records "were not complete" and did not have any texts or documents relating to Document 2, that circumstance strikes the Court as highlight unlikely.  The Court's order setting the initial scheduling conference and requirements thereto were entered and filed on the docket the same day this case was removed on December 23, 2025.  Therefore, any attempt by Plaintiff to mitigate his neglect based on a purported "error in the District Court electronic docket" is frivolous in light of the indisputable fact that Plaintiff's lead counsel received and was on notice of the Court's order and requirements to timely prepare and file a joint scheduling report.

Nevertheless, based on counsel for Plaintiff's good faith efforts to comply with the Court's orders after-the-fact in engaging in a Rule 26(f) conference with counsel for Defendant and her timely response to the OSC, the Court finds good cause to discharge the OSC without the imposition of sanctions.

///

///

3

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the March 19, 2026, order to show cause (Doc. 3) is DISCHARGED without the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **March 20, 2026**

UNITED STATES MAGISTRATE JUDGE